IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FERGUSON,<br><br>        Petitioner,<br><br>  vs.<br><br>BEN CURRY, Warden,<br><br>        Respondent. | No. C 09-0020 WHA (PR)<br><br>**ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits. Petitioner has responded with a traverse. Petitioner's papers have also been supported by briefs and exhibits. For the reasons set forth below, the petition for a writ of habeas corpus is **DENIED**.

## STATEMENT

In 1983, petitioner pled to charges of second-degree murder, attempted murder, and conspiracy to commit robbery. He was sentenced to a term of fifteen years to life in state prison for the second-degree murder. He also received sentences of seven years for the attempted murder and three years for the conspiracy to commit robbery convictions, which were both ordered to run concurrently with the sentence for second-degree murder. Petitioner pled guilty to these charges and also agreed to testify against his two co-defendants pursuant to a plea

agreement in exchange for reduced charges and a reduced sentence. Petitioner's co-defendants were ultimately convicted of first-degree murder for their, and they were sentenced to terms of life in prison without the possibility of parole.

This petition challenges the denial of parole by the California Board of Parole Hearings ("Board") in 2006. Petitioner filed habeas petitions challenging this decision in all three levels of the California courts. The Superior Court of the County of Sonoma granted the petition on the grounds that the denial of parole was not supported by "some evidence" (Resp. Ex. 2). The California Court of Appeal reversed the superior court's decision in a detailed opinion, finding that the Board's decision satisfied California's requirement that there be "some evidence" of petitioner's current dangerousness if released from prison (Resp. Exs. 8,9; *People v. Ferguson*, 2008 WL 2445567 (Cal. App. June 18, 2008, *as modified* July 16, 2008)). The California Supreme Court summarily denied review (Resp. Ex. 11).

## ANALYSIS

### A. STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of Section 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."

*Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of Section 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Ibid.*

Under Section 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000). In this case, the last reasoned opinion is that of California Court of Appeal denying petitioner's habeas petition. *See People v. Ferguson*, 2008 WL 2445567 (Cal. Ct. App. June 18, 2008).

**B.    ISSUES PRESENTED**

As grounds for relief, petitioner claims the denial of parole violated his right to due process because it was not supported by at least "some evidence" of his current dangerousness. A second claim for relief, that the appellate court's reasoned opinion was contrary to, or an

3

unreasonable application of, clearly-established United States Supreme Court authority, states the standard of review that will be applied under Section 2254 but does not set forth an independent grounds for relief.

The Due Process Clause does not, by itself, entitle prisoners to release on parole in the absence of some evidence of their current dangerousness. *Hayward v. Marshall*, 603 F.3d 546, 555, 561 (9th Cir. 2010) (en banc). Under California law, however, "some evidence" of current dangerousness is required in order to deny parole. *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th 1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)). This requirement gives California prisoners a liberty interest protected by the federal constitutional guarantee of due process in release on parole in the absence of "some evidence" of their current dangerousness. *Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (citing *Hayward*, 603 F.3d at 561-64); *Pearson v. Muntz*, 606 F.3d 606, 610-11 (9th Cir. 2010) (citing *Hayward*, 603 F.3d at 561-64).

When a federal habeas court in this circuit is faced with a claim by a California prisoner that their right to due process was violated because the denial of parole was not supported by "some evidence," the court "need only decide whether the California judicial decision approving" the denial of parole "was an 'unreasonable application'[] of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)). California's "some evidence" requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1209-15); *see also Cooke*, 606 F.3d at 1213-14 (describing California's "some evidence" requirement).

Here, the commitment offenses certainly evinced dangerousness. Petitioner drove the

4

getaway car and provided his two accomplices with rifles, ammunition, masks, and "insider information" for how to rob the liquor store where petitioner had previously worked. *Ferguson*, 2008 WL. 2445567 at 1-2. The two accomplices herded the two clerks, approximately ages 50 and 30, into a cold storage room, took their wallets, ordered them to put their coats over their heads, and shot them "execution-style," i.e. multiple times at close range. *Id.* at 2. They killed one clerk and seriously wounded the other. *Ibid.* When the wounded man groaned, one shooter returned and shot him in the face, but he still survived. *Ibid.* Petitioner drove the accomplices away, and petitioner remained at large for one year. *Ibid.* The plan that petitioner made for the robbery did not call for them to kill the clerks, but petitioner did know that one of the shooters had a history of boasting of his past violence. *Id.* at 1-2. In addition to committing these crimes, the three of them had attempted to rob the same store several weeks earlier. *Id.* at 1.

Petitioner also had a prior history of violence, including a juvenile adjudication of assault with a deadly weapon upon a police officer involving a 17-mile car chase in which petitioner traveled up 100 miles per hour and crashed into a police car. *Id.* at 3. This incident took place in the same year that he carried out the commitment offenses with his accomplices. *Ibid.* Petitioner also admitted to committing approximately six recent robberies when he was arrested for the commitment offenses. *Ibid.*

The California Court of Appeal's decision, like the Board's, also rested on petitioner's "failure to demonstrate evidence of positive change" at the Board hearing:

> We restate the ruling of Presiding Commissioner Lee:
>
> "[Ferguson] needs therapy, self-help and programming in order to face, discuss, understand and cope with stress in a non-destructive manner as well as get further insight into this offense. It has been said by previous boards, by Mr. Kirk, by the District Attorney and many other people that [Ferguson] seems to come across as though he minimizes his activity like I don't deserve the time that I'm doing that this is too long and this is unfair.... [T]his was a legitimate felony murder and if it wasn't for the fact that he did cooperate with the police [he could have faced the death penalty or a sentence of a life without parole, which] would mean that you wouldn't be in front of [the Board] at this point. So until progress is made [Ferguson] continues to be unpredictable and a threat to others."
>
> . . .
>
> Here the Board expressed its view, and the view of others who have interacted with Ferguson, that Ferguson continues to minimize his role in the commitment

5

>offense. (Although it is less than clear, it appears that Presiding Commissioner Lee referred to, by paraphrase, past statements of Ferguson at prior parole hearings in which he appeared to minimize his role in the offense and said his continued incarceration was unfair.) We note that he refused to answer questions at the parole hearing about why he did not think a shooting might occur when he armed hardened criminals, made their weapons more concealable, and gave them the layout of the liquor store.  The Board listened to the only expression of remorse at the parole hearing from a man obviously intelligent and with considerable verbal skills, who read a declaration into the record-not a sincere, extemporaneous statement of remorse.  We also note that an inmate's attitude toward the offense is assessed by the Board panel, who observe firsthand the inmate's demeanor and assess his credibility and sincerity.
>
>Ferguson's past statements and his observable demeanor constitute information about his attitude toward the offense, speak directly to the level of his remorse-which involves his "understand[ing] of the nature and magnitude of the offense" (Cal.Code Regs., tit. 15, § 2402, subd. (d)(3)), and by logical extension, the degree to which he facilitated the crime and was legally responsible for it under the felony murder rule. In an informal administrative parole hearing, these factors are "some evidence" that he has not fully understood his role in the offense, a murder and a serious wounding which happened in no small part because of his conduct. Had he not armed [his accomplices] Bilyeu and Quinnell, and given them masks and the layout of the liquor store, Richard Philbert would not have been brutally murdered and Clark not wounded. This is some evidence that Ferguson still has not gained sufficient insight into his behavior, and thus would pose an unreasonable risk of danger to society if released.

*Id.* at 10-11 (footnotes omitted).

There are a number of factors to be considered here.  One of great importance is that petitioner had been in prison for twenty-three years at the time of the Board's decision, and he was eighteen years old at the time of the commitment offenses.  Another is that it is not disputed – even by the Board – that petitioner's conduct in prison has been exemplary.  *Id.* at 3-4.  Among other things, at the time of the decision he had not received a disciplinary violation charge nine years, had completed numerous self-help, vocational and educational programs.  *Id.* at 3.  His psychological reports were favorable, he gave clear statements of remorse, and he had family support and realistic parole plans.  *Id.* at 3-4.

The evidence supporting the denial was, first of all, the facts of the crime.  Regardless of whether petitioner intended there to be violence, he gave loaded guns and masks to individuals with a history of violence, he was instrumental in planning the robbery and helped the shooters escape capture.  By doing so, petitioner facilitated the brutal execution-style murder of one man and serious wounding of another man.  Petitioner's prior crimes of violence and subsequently

6

1  committing additional robberies before his arrest further point to his dangerousness.  In
2  addition, the state court's factual finding that petitioner failed to demonstrate sufficient insight
3  and continued to minimize his role in the crimes at the Board hearing is entitled to deference
4  under Section 2254(d)(2) because it was a reasonable factual determination in light of the
5  evidence that petitioner read a prepared statement of remorse instead of making one
6  extemporaneously and he refused to answer questions at the parole hearing about why he did
7  not think a shooting might occur when he armed his accomplices with loaded weapons.  *See*
8  *Hayward*, 603 F.3d at 562-63 (citing 28 U.S.C. 2254(d)(2)).  In making this finding, the state
9  appellate court correctly observed that the Board was in the best position to assess petitioner's
10  demeanor and the sincerity of prepared statement of remorse.  The Board and state court could
11  reasonably view petitioner's minimizing his responsibility for the crimes, despite the fact that
12  he could have been held as responsible as the shooters under the felony murder rule, as
13  evidence of his continuing dangerousness.
14       The issue for this court is whether the state courts' rejection of petitioner's claim was an
15  unreasonable application of California's "some evidence" standard.  *See id.*  This was not a case
16  that the state courts took lightly.  The superior court granted the petition, and the California
17  Court of Appeal's lengthy and detailed opinion demonstrates that it reversed only because
18  California's "some evidence" standard is "extremely deferential" to the Board's findings.
19  *Ferguson*, 2008 WL 2445567 at 12.  Whether the Board's decision was supported by "some
20  evidence" of petitioner's current dangerousness may be a close call, but it is not a close call
21  when the additional layer of deference to the state court that this court must give under the
22  "unreasonable application" standard of Section 2254(d)(1).  Indeed, when the constitutionality
23  of the underlying decision is a close question, it is almost a foregone conclusion that it was
24  reasonable for the state courts to hold that it was not unconstitutional.  That is the case here.
25  The state courts' rejection of the this claim was not an unreasonable application of California's
26  "some evidence" requirement, nor was it based upon an unreasonable determination of the facts
27  in light of the evidence presented.  Accordingly, the state courts' denial of petitioner's claim
28  was neither contrary to nor an unreasonable application of petitioner's federal constitutional

guarantee of due process, and petitioner is not entitled to federal habeas relief on his claim.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September  30 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\FERGUSON0020.RUL.wpd